IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CESAR ROBERTO PEREZ-SOTOMAYOR | CASE NO. 16-454 (ADC) |

**ORDER**

I. <u>Background</u>

On February 23, 2022, the U.S. Probation Office filed a motion notifying Defendant's violations to his conditions of supervised release and requesting an arrest warrant. Docket No. 1496. The USPO alleges that Defendant was arrested by the Puerto Rico Police Department and charged with violations to Articles 3.1, 3.2, 3.3 and 3.4 of the Puerto Rico Domestic Violence Act, and with violations to Article 18 of the Law No. 8, the Puerto Rico Vehicles Law. <u>Id</u>. The victim was his girlfriend, Ms. Wilmarys Márquez Tirado. <u>Id</u>. The USPO alleged that Defendant violated the following condition of his supervised release term: "[y]ou must not commit another federal, state or local crime." <u>Id</u>.

The preliminary revocation hearing was held on May 13, 2022. The Government called USPO Higinio Rodríguez Pérez, Ms. Wilmarys Márquez Tirado, and Puerto Rico Police Officer, Francisco Nieves Jiménez. The defense called Ms. Rosario Sotomayor Cruz.

The Court finds no probable cause for the violations alleged at Docket No. 1496.

II. <u>Preliminary Revocation Hearing Standard</u>

Pursuant to Rule 32.1(b)(1) of the Federal Rules of Criminal Procedure, "[i]f a person is in custody for violating a condition of probation or supervised release, a magistrate judge must promptly conduct a hearing to determine whether there is probable cause to believe that a violation occurred.". Fed.R.Crim.P. 32.1(b)(1)(A). The concept of probable cause is narrow in scope. "[P]robable cause may be found where there is a 'fair probability,' based on the totality of the circumstances, that a defendant committed the offense charged." <u>United States v. Balestier-Sanches</u>, 2014 WL 993551 * 1 (D.R.I.) (<u>citing</u> <u>United States v. Mims</u>, 812 F.2d 1068, 1072 (8th Cir.1987) and <u>United States v. Gómez</u>, 716 F.3d 1, 9 (1st Cir. 2013)). Except for the rules on privilege, the Federal Rules of Evidence are not applicable at preliminary hearings or in revocation proceedings. Fed.R.Evid. 1101(d)(3). A finding of probable cause may be based, in whole or in

part, on hearsay evidence. See Morrissey v. Brewer, 408 U.S. 471, 487 (1972); United States v. Rondeau, 430 F.3d 44, 47–48 (1st Cir. 2005).

    III.    Discussion

Ms. Márquez testified that on February 19, 2022, she was in a consensual relationship with the Defendant. That, on the night of February 19, 2022, they were socializing with family, and she was consuming alcohol. She had a verbal disagreement with the Defendant, and someone called the police. At around midnight, she was taken to the police station, where she remained until late afternoon of the next day. At the police station she made a written statement (admittedly, handwritten and signed by her), which was marked as Government's Exhibit 1B.

Pursuant to her statement, the Defendant assaulted Ms. Márquez, forced her into his car, and threatened to kill her. Ms. Márquez wrote that the Defendant incurred in a pattern of physical and emotional abuse by breaking her property, insulting her, hitting her, harassing her, depriving her of liberty, and taking her car and entering her home without authorization. She wrote that she feared for her life.

When confronted with the statement, Ms. Márquez vehemently denied under oath all allegations of physical or emotional abuse by Defendant on the night of the incident and prior to that date. She also denied that Defendant caused damages to her property (as shown in Government's Exhibits 2 and 3) or that he used her property without authorization. She testified that she was under the influence of alcohol, felt nervous and pressured to give the statement, and that she was depressed due to her father's recent death. Ms. Márquez also denied that Defendant caused her the injuries shown in Government's Exhibit 5. She testified in no uncertain terms that the Defendant did not assault or threatened her on the day of the incident and that she does not fear for her life. The defense introduced in evidence Ms. Márquez's testimony under oath in state court proceedings on March 29, 2022, which is consistent with her testimony under oath before this Court. See Defendant's Exhibit 3. The Puerto Rico court found no probable cause at the preliminary hearing on the charges of domestic violence under Puerto Rico law.

Agent Nieves testified that on the day of the incident he responded to an anonymous call that informed that a woman was being assaulted in front of a barber shop near the Yagüez Public Housing Project. That when he arrived Ms. Márquez expressed that she was assaulted by Defendant, that Defendant broke her property and threatened to kill her. Per Agent Nieves, Ms. Márquez seemed terrorized and in fear. Agent Nieves testified that Ms. Márquez wrote the statement at Government's Exhibit 1B on her own at the police station. Agent Nieves further testified that Ms. Márquez appeared to have a cut on her foot and lip but did not know who caused the injuries. Agent Nieves believes that the injuries shown in the photographs at Government's Exhibit 5 were not suffered by Ms. Márquez on the day of the incident but previously.

Ms. Sotomayor, Defendant's mother, testified that, contrary to what is expressed in Ms. Márquez's statement of the day of the incident, she did not enter Ms. Márquez's home to defend her from the attack of her son. Ms. Sotomayor corroborated that Ms. Márquez was drinking that night.

USPO Rodríguez testified that on March 14, 2022, he contacted the alleged victim to discuss the charges. She informed him that on the day of the incident she had an argument with Defendant and that she did not believe Defendant to be a threat to her. Ms. Márquez provided a written statement to the USPO informing that she does not feel afraid or threatened by Defendant. Defendant's Exhibit 1B.

IV.     Conclusion

Even though there are two versions of the facts that occurred on February 19, 2022, given the testimony under oath of the alleged victim recanting all allegations of assault, threats and fear made in her written statement, as well as the partially corroborating testimony of Ms. Sotomayor, the Court finds that there is no probable cause that Defendant violated the conditions of his supervised release. Defendant is to be released immediately. He is instructed to report to the USPO no later than 9:00 a.m. after the day of his release. He is to continue abiding by all conditions of his supervised release term.

**IT IS SO ORDERED.**
In San Juan, Puerto Rico, this 19th day of May 2022.

s/Giselle López-Soler
GISELLE LÓPEZ-SOLER
United States Magistrate Judge